T. Edward Malpass, Esq., SBN 112914
LAW OFFICES OF T. EDWARD MALPASS
4931 Birch Street
Newport Beach, CA 92660
Telephone: (949) 474-9944
Facsimile: (949) 474-9947

[Proposed]Attorney for Debtor and Debtor in Possession

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| CALVARY BAPTIST CHURCH WORLD OUTREACH CENTER, aka CALVARY POINTE CHURCH, | Case No.: 8:10-BK-20895-RK<br>Chapter 11<br><br>APPLICATION FOR ORDER AUTHORIZING DEBTOR AND DEBTOR IN POSSESSION TO EMPLOY THE LAW OFFICES OF T. EDWARD MALPASS AS GENERAL INSOLVENCY COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF T. EDWARD MALPASS |

CALVARY BAPTIST CHURCH WORLD OUTREACH CENTER, aka CALVARY POINTE CHURCH, Debtor and Debtor in possession ("Applicant" or "the Debtor"), in the above-captioned Chapter 11 case, hereby requests authorization to employ counsel in accordance with 11 U.S.C. §327. In support of its Application, Applicant states:

1.    Applicant filed a voluntary petition requesting relief under Chapter 11 of Title 11, United States Code, (the "Bankruptcy Code") on August 5, 2010. The case is presently pending before this Court.

//

2. Applicant requires assistance of counsel in performing the duties required of a debtor under the Bankruptcy Code. Among other things, the services of an attorney are necessary in connection with the following matters:

    a. the examination of interested parties as to the acts, conduct and property of Applicant;

    b. the preparation of records and reports required by the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code and the Guidelines of the United States Trustee;

    c. the preparation of applications and orders for submission to the United States Trustee and this Court regarding employment of professional persons;

    d. the review of claims and causes of action which may be asserted by Applicant on behalf of the estate, including claims arising from construction of the project and related actions;

    e. the examination of proofs of claims filed and to be filed herein and preparation of objections to certain claims;

    f. advising Applicant in preparing and obtaining confirmation of a Plan of Reorganization;

    g. advising and representing Applicant with regard to adversary proceedings or contested matters arising in or related to this case;

    h. advising and representing Applicant regarding other business activities, including, but not limited to, prospective sale of the Debtor's real estate,

resolution of certain secured claims, including claims specified in the Debtor's schedules, and;

    i.    assisting and advising Applicant in performing the duties described in §1107 of the Bankruptcy Code and other necessary actions in this case.

3.    Applicant has consulted with and retained, and would like to employ, the Law Offices of T. Edward Malpass as its general insolvency counsel to perform such of the above described services as are necessary in this case. Applicant has agreed that proposed counsel will be employed on an hourly basis at $500.00 per hour for attorney T. Edward Malpass, and at hourly rates for other attorneys and paralegals commensurate with their experience, with such rates subject to increase from time to time during the case.

4.    Proposed counsel has agreed to represent Applicant on the terms and conditions set forth above if employment is authorized by this Court. Applicant has agreed to pay proposed counsel's fees and costs subject to review by the Court as provided in the Bankruptcy Code. All compensation paid from the estate will be paid to proposed counsel subject to approval by the Bankruptcy Court pursuant to §§ 330 and 331 of the Bankruptcy Code. If funds are available for payment of fees and costs, the Firm will seek payment in accordance with the provisions of the U.S. Trustee Fee Guide by filing with the U.S. Trustee a copy of the Firms invoice (the "Fee Notice") showing the outstanding balance of fees for professional services rendered to the Debtor and expenses incurred in advance on behalf of the Debtor by the Firm, and will serve the Fee Notice on the Debtor, Creditors holding the 20 largest general unsecured claims in the Debtors' case, and upon parties who have requested special notice. If no objection to the payment of fees and expense reimbursement stated in the Fee Notice is filed and served within 10 days after service, the Debtor will pay the Firm the amount of fees and costs stated in the Fee Notice without further notice, hearing or order of the Court. Under the proposed payment procedure, if a written objection to payment of the fees and costs specified

APPLICATION FOR ORDER AUTHORIZING DEBTOR AND DEBTOR IN POSSESSION TO EMPLOY THE LAW OFFICES OF T. EDWARD MALPASS AS GENERAL INSOLVENCY COUNSEL; DECLARATION OF T. EDWARD MALPASS

in the Fee Notice is filed by a party in interest, the Firm will confer with the objecting party. If the objection is not resolved consensually, no payment of the disputed amount will be made until the objection has been resolved by the Court. Payment pursuant to the Fee Notice procedure described above will not be a waiver of any objection to the allowance by the Court of such fees and costs as compensation pursuant to sections 327 and 328 of the Bankruptcy Code when such allowance is sought by the Firm.

5. As stated in the accompanying Declaration, individuals related to the Debtor, primarily as members of the Church, have agreed to provide funds to pay for Applicant's services, with such payments subject to review by the Court pursuant to sections §§§329, 330 and 331.

6. To the best of Applicant's knowledge, proposed counsel does not have any connection with Applicant's creditors, any other party in interest, or their respective attorneys or accountants, and represents no interest adverse to the estate in connection with the matters upon which proposed counsel will be employed, except as set forth in the accompanying Declaration.

WHEREFORE, Applicant requests entry of an order authorizing employment of the Law Offices of T. Edward Malpass as general insolvency counsel on the terms and conditions set forth above, and further requests that such authorization be effective as of the date the Petition was filed August 5, 2010..

CALVARY BAPTIST CHURCH WORLD OUTREACH CENTER

DATED: _____    By:_____

DATED: 10/6/10          By: *Carol Smith*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. THE BANKRUPTCY CODE AUTHORIZES THE DEBTOR TO EMPLOY PROFESSIONALS

Section 327 of the Bankruptcy Code, which governs employment of professional persons, provides, in pertinent part, as follows:

...the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).

Except for certain limitations not applicable here, a debtor has all of the rights and powers of, and performed all of the functions and duties of, a trustee in a Chapter 11 case. 11 U.S.C. § 1107(a).

Section 330 of the Bankruptcy Code provides standards for a bankruptcy court to award compensation to a professional employed in a bankruptcy cae. Section 330 provides, in pertinent part, as follows:

5

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. THE BANKRUPTCY CODE AUTHORIZES THE DEBTOR TO EMPLOY PROFESSIONALS

Section 327 of the Bankruptcy Code, which governs employment of professional persons, provides, in pertinent part, as follows:

…the trustee, with the court's approval, may employ one of more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).

Except for certain limitations not applicable here, a debtor has all of the rights and powers of, and performed all of the functions and duties of, a trustee in a Chapter 11 case. 11 U.S.C. § 1107(a).

Section 330 of the Bankruptcy Code provides standards for a bankruptcy court to award compensation to a professional employed in a bankruptcy cae. Section 330 provides, in pertinent part, as follows:

(3)　In determining the amount of reasonable compensation to be awarded to an examiner, trustee under Chapter 11, or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including-

　　(a)　the time spent on such services;
　　(b)　the rates charged for such services;
　　(c)　whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
　　(d)　whether the services were performed within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issues, or task addressed;
　　(e)　with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

     (f)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

Section 328(c) of the Bankruptcy Code provides that, in order for a professional employed under Section 327 to be compensated in a debtor's case, such professional must be disinterested and must not hold an interest adverse to the interests of the estate with respect to the matters on which such professional is employed. 11 U.S.C. §328(c).

Rule 2014 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") mandates that a professional seeking approval of its employment by the bankruptcy estate disclose "any proposed arrangement for compensation" and "all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountant, [and] the United States trustee."

The disclosure requirements of § 328(a) of the Bankruptcy Code and Rules 2014 of the Bankruptcy Rules are applicable to those professionals eligible for employment under § 327(a) of the Bankruptcy Code. Specifically, § 327(a) requires that any professional person employed by the trustee be free of interests that are adverse to the estate, and be "disinterested." "Disinterested person" is defined in § 101(14) as follows:

    "disinterested person" means [a] person that-

    (a) is not a creditor, an equity security holder, or an insider . . .

    ***

    (e)    does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor . . . or for any other reason . . .

11 U.S.C. §101(14).

All facts pertinent to a court's determination of whether the professional is disinterested or holds an interest adverse to the estate must be disclosed. The professional is required to make a full, candid and complete disclosure in its application for employment. See, In re Lotus Properties LP, 200 B.R. 388, 391 (Bankr. C.D. Cal. 1996) (citing In re Park Helena Corp., 63 F.3d 877, 880-82 (9th Cir. 1995); In re Gire, 107 B.R. 739, 746 (Bankr. E.D. Cal. 1989); Fed.R.Bankr.P. 2014.

APPLICATION FOR ORDER AUTHORIZING DEBTOR AND DEBTOR IN POSSESSION TO EMPLOY THE LAW OFFICES OF T. EDWARD MALPASS AS GENERAL INSOLVENCY COUNSEL; DECLARATION OF T. EDWARD MALPASS

In this case, the Firm has complied fully with the disclosure requirements set forth in the Bankruptcy Code and Bankruptcy Rules. By Declaration, the Firm has provided full and complete disclosure in order to demonstrate that it satisfies all requirements imposed by the Bankruptcy Code and Bankruptcy Rules for employment in this case. Neither the Firm nor any attorneys who are members of the Firm hold any interest materially adverse to the interests of the Debtor's estate. Moreover, the Firm satisfies both the disclosure and "disinterestedness" requirements for employment in this case. Therefore, this Court may authorize the proposed employment of the Firm as general insolvency counsel to the Debtor pursuant to Bankruptcy Code Section 327(a).

## II. THE PERIODIC PAYMENT PROCEDURE PROPOSED BY THE FIRM IS APPROPRIATE AND SHOULD BE APPROVED BY THIS COURT

Professionals can be compensated in accordance with monthly payment procedures without a bankruptcy court's prior allowance of the professional's fees and costs. In re Knudsen, 84 B.R. 668 (Bankr. 9th Cir. 1988); In re Lotus Properties LP, 200 B.R. at 396-98. In Knudsen, the Ninth Circuit Bankruptcy Appellate Panel ("BAP") reasoned that, since § 328(a) of the Bankruptcy Code allows a bankruptcy court to authorize professionals to receive as compensation a retainer, which contemplates payment of a lump sum at the beginning of a case or periodically thereafter, "[i]t makes little sense that the court could allow payment of a lump sum or periodic retainer before fees are earned, but not after." Id. at 671. The circumstances under which such arrangements may be approved, as articulated by the BAP in Knudsen, are as follows: (1) the case is unusually large; (2) and extended waiting period for payment would place an undue hardship on counsel; (3) counsel can respond to any reassessment; and (4) the payment procedure itself is subject to a noticed hearing. Id. at 672-73. The Firm believes that the payment procedure proposed in this case is appropriate under Sections 328(a), 330, and 331 of the Bankruptcy Code, and is consistent with the BAP's decision in the Knudsen case.

The fact that the Debtor's case may not be as large as the Knudson case should not preclude the Firm from being able to obtain monthly payment of its fees and costs in the debtor's case. See, Lotus Properties, 200 B.R. 388 ay 397-398 (the "message" behind Knudsen and the intent of the U.S. Trustee Guidelines are satisfied by allowing counsel to obtain monthly post-

petition payments, notwithstanding the fact that the size of Chapter 11 case is smaller than Knudsen). Similarly, in In re Jefferson Business Center Associates, the Bankruptcy Court stated:

> "While it is often the case that post-petition retainers and the ability to draw against such retainers are granted in large bankruptcy cases, and usually to large law firms, this Court sees no reason to treat smaller law firms any differently where the facts and circumstance of the case warrant the payment of a post-petition retainer. A smaller law firm can and often does face the same, or perhaps, greater, burden, costs, inconvenience, and financial strain, as does a larger firm if it is unable to receive a retainer. A small firm should not be treated any differently, as long as it meets all of the criteria references above."

Jefferson Business Center Associates, 135 B.R. at 680.

### A. Requiring the Firm to Wait an Extended Period of Time for Payment of its Fees in the Debtor's Case May Cause Undue Hardship to the Firm.

As set forth in the Declaration, prior to the Petition Date, the Firm received only a $7,500.00 retainer. The Firm advised that the Firm's fees and costs in this case would exceed the amount of the retainer. As an accommodation to the Debtor, and to address the debtor's cash needs, the Firm agreed to represent the Debtor in its Chapter 11 case with the agreed retainer payment, provided that the Debtor agree to fund, either directly or using funds provided by members of the Church on a monthly or periodic basis, the fees and costs of the Firm after the retainer is exhausted. Without agreement for payment by third parties and a periodic payment procedure, the Firm would not have agreed to represent the Debtor in this case.

Without third party payments and a periodic payment procedure in this case, the Firm may suffer undue hardship. As set forth in the Declaration, the Firm anticipates that the Firm will be required to devote significant time to assisting the Debtor to reorganize its affairs. The Debtor must reorganize its affairs quickly and expeditiously. Thus, the debtor's efforts to reorganize its financial affairs will require substantial involvement by the Firm.

Due to the size of the Firm and the nature of the required commitment of the Firm's resources to the Debtor's case, requiring the Firm to wait for periods of at least 120 days to obtain payment of its fees pursuant to Section 331 of the Bankruptcy Code may place undue hardship on the Firm. It would be burdensome for the Firm if it were effectively required to "finance" the Debtor's reorganization efforts in this case, at the Firm's financial risk. The proposed payment arrangements are necessary to ameliorate hardships that otherwise would be imposed upon the Firm in this case.

### B. Compensation Paid Will Be Subject to Review and Approval by the Court.

The Firm understands that its ultimate compensation in this case is subject to the provisions of §§ 330 and 331 of the Bankruptcy Code, and is prepared to respond to any such determination.

### C. The Fee Procedures will be the Subject of Notice to Creditors.

As is evidenced by the proof of service submitted concurrently with the Notice to Creditors of this Application, notice of the periodic payment procedure requested by this Application was provided to all creditors and parties who request special notice. Such parties have been provided with an opportunity to obtain a hearing on this Application if they object to the Firm's employment and payment as proposed.

The periodic payment procedure provided for by this Application is very similar to the monthly payment procedure approved by the BAP in the Knudsen case for authorizing monthly payment procedures. The periodic Fee Notice payment procedure provided for by this Application allows for ample of payments by the Debtor of the Firm's fees and costs by creditors and by this Court, and the fees and costs paid pursuant to the procedure or by third parties are not automatically deemed allowed by this Court but are subject to the fee application process under the applicable rules and provisions of the Bankruptcy Code.

///
///
///
///

### III. NOTICE OF THE APPLICATION IS APPROPRIATE, AND NO FURTHER HEARING IN RESPECT OF THE APPLICATION IS REQUIRED, UNLESS SUCH HEARING IS ORDERED BY THIS COURT OR SPECIFICALLY REQUESTED BY A PARTY-IN-INTEREST

Notice of the relief requested by this Application has been provided to all of the creditors of the estate and all parties who have requested special notice in this case. Thus, creditors have been provided with an opportunity to obtain a hearing on this Application, should they object to the relief requested hereby. Consequently, the Firm has complied fully with the "notice and hearing" requirements set forth in Rules 2014-1(2)(b) and 9013-1(g) of the Local Bankruptcy Rules for the Central District of California (the "Local Rules").

Rule 2014-1(b)(1) of the Local Rules provides that, where an application for the employment of a professional is submitted in conformity with the provisions thereof, "no hearing shall be requires unless requested by the United States Trustee, a party in interest, or otherwise ordered by the court." Bank. L.R. 2014-1(b)(1). Consequently, unless this Court orders otherwise, or unless the U.S. Trustee or another party in interest specifically requests a hearing on this Application, this Court may approve this Application without a hearing.

### CONCLUSION

Based upon the forgoing, the Debtor respectfully submits that good cause exists for this Court to authorize the Debtor to employ the Firm as its general insolvency counsel in this Chapter 11 case on the terms and conditions set forth herein.

Dated: October 12, 2010      LAW OFFICES OF T. EDWARD MALPASS

/s/ T. Edward Malpass
By:_____
T. EDWARD MALPASS
[Proposed] Attorney for
CALVARY BAPTIST CHURCH OUTREACH CENTER

## DECLARATION OF T. EDWARD MALPASS REGARDING EMPLOYMENT AS GENERAL INSOLVENCY COUNSEL

I, T. EDWARD MALPASS, declare:

1. I am an attorney licensed in California and am the principal attorney for the Law Offices of T. Edward Malpass (the "Firm"), proposed insolvency counsel for the Debtor and Debtor in Possession in this case. I have personal knowledge of the matters set forth herein and can competently testify thereto if called.

2. The Debtor and Debtor in Possession has requested that the Firm be employed as General Insolvency Counsel with regard to the Chapter 11 case and related matters on an hourly basis according to terms described in the Application. We are prepared to represent the Debtor and Debtor in Possession if employment as requested is approved by the Court.

3. The Firm's practice emphasizes insolvency law and related matters. We regularly represent Debtors and Debtors in Possession in Chapter 11 cases, and are experienced in advising and representing such parties. I am the principal attorney in the Firm and will be responsible for representation of the Debtor and Debtor in Possession in this case. I am Board Certified in Business Bankruptcy Law by the American Board of Certification and am certified as a specialist in Bankruptcy Law by the California Board of Legal Specialization.

4. The firm received a retainer to be applied to hourly charges and expenses in the amount of $7,500.00 from the Debtor Corporation. I was advised, and subsequently confirmed by inquiry directed to the Debtor's principals, that funds had been provided by an individual who was a member of the Church congregation so that the Debtor would be able to employ and pay insolvency counsel for representation of the corporation. I have advised the principals that the representation will be limited to the corporation and that the Firm will not represent any other party with regard to any matter related to the case.

5. From information received from Debtor, there do not appear to have been any transfers between the Corporation and other parties prior to the filing of the case for more than 1 year.

6. The Firm has been paid for all work done in preparation of the cases for filing and was not owed any fees by the Debtor or any affiliated party at the time of filing of the petition herein, and was disinterested as provided in 11 U.S.C. § 101(14).

7. Based upon the Debtor's status at the time of filing and what has occurred since the filing, the Firm will have to perform substantial services in a relatively compressed time period to counsel and represent the Debtor in its reorganization. Because of the Firm's size and the complexity of the matter, it will be burdensome for the Firm to perform the services if it does not receive regular payment pursuant to the procedures proposed in the Application, it will be difficult for the Firm to perform the necessary services.

8. To the best of my knowledge, other than the matters disclosed above, the Firm has no connection with the Debtor, creditors, or any other parties in interest, their respective attorneys and accountants, the United States Trustee in this District or anyone employed by the United States Trustee's Office or the Bankruptcy Court in this District, and does not hold any interest adverse to the estate.

9. Filing of the Debtor's Application has been delayed by the Debtor's lack of internal financial resources and the Debtor's discovery, after the case was filed, that an accountant who had been keeping records for tax returns was not up to date, and the need to provide information on the Debtor's financial condition and activities to the U.S. Trustee.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Dated this 12th day of October at Newport Beach, California.

/s/ T. Edward Malpass
T. Edward Malpass

APPLICATION FOR ORDER AUTHORIZING DEBTOR AND DEBTOR IN POSSESSION TO EMPLOY THE LAW OFFICES OF T. EDWARD MALPASS AS GENERAL INSOLVENCY COUNSEL; DECLARATION OF T. EDWARD MALPASS

NOTE: When using this form to indicate service of a proposed order, DO NOT list any person or entity i
NOTE: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
4931 Birch Street, Suite 300, Newport Beach, CA 92660

A true and correct copy of the foregoing document described as APPLICATION FOR ORDER AUTHORIZING DEBTOR AND DEBTOR IN POSSESSION TO EMPLOY THE LAW OFFICES OF T. EDWARD MALPASS AS GENERAL INSOLVENCY COUNSELt; **MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF T. EDWARD MALPASS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **October 12, 2010** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Thomas M. Geher,                                            tmg@jmbm.com
JEFFER MANGELS BUTLER & MITCHELL, LLP
1900 Avenue of the Stars, Seventh Floor
Los Angeles, CA 90067-4308

Nancy S. Goldenberg                                         nancy.goldenberg@usdoj.gov
U.S. TRUSTEE, Santa Ana Division
411 West Fourth Street, Suite 9041
Santa Ana, CA 92701-4500

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On **October 12, 2010**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**SEE ATTACHED CREDITORS LIST**

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **October 12, 2010**, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

Judge Robert Kwan, Courtroom 5D, Santa Ana Division, 411 West Fourth Street, Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

October 12, 2010    Nina Draper                            /s/ Nina Draper

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010                                                 **F 9013-3.1.PROOF.SERVICE**